**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

**CIVIL ACTION NO. 11-382-DLB**

**MYSTI BREEZ LEATH, deceased, by her next of kin,**
**STEVE and TINA LEATH**                                                          **PLAINTIFF**

**vs.**                                          <u>**MEMORANDUM ORDER**</u>

**CITY OF KNOXVILLE, et al.**                                                **DEFENDANTS**

*** *** *** ***

This civil rights action is again before the Court *sue sponte* pursuant to Federal Rule of Civil Procedure 56(f). In a previous Memorandum Opinion and Order (Doc. # 30), the Court held that Defendant Officer Randall Smith did not violate Plaintiff Leath's Fourteenth Amendment right to Due Process and was, therefore, entitled to summary judgment. Within that decision, the Court also ordered Plaintiff to file a supplemental memorandum on or before October 17, 2013 addressing (1) whether Defendant Officer Jason Artymovich was entitled to summary judgment for similar reasons as Officer Smith and (2) whether the City of Knoxville could be liable under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) if the Court concludes there is no underlying constitutional violation. Plaintiff failed to file a supplemental memorandum as required, and the time to do so has now expired, making both issues ripe for consideration.

The underlying facts of Plaintiff's claims are set forth in great detail in the Court's previous Memorandum Opinion and Order. (*See* Doc. # 30 at 1-5). The Court will not repeat those facts here. Suffice it to say that this case stems from Officer Smith's offer to

1

drive Leath—who was obviously intoxicated to some degree—from an  apartment to her parents' residence.  Shortly after Officer Smith dropped Leath off, Leath got in a vehicle with a friend who later ran the vehicle off the road and crashed head-first into a tree, killing Leath.  The Court's previous opinion did not go into much detail about Officer Artymovich's role in the events at issue, in large part because he played a minimal role.  Specifically, Officer Artymovich never placed Leath in handcuffs, told her she was under arrest, or otherwise restricted her ability to act on her own behalf.  Additionally, Officer Artymovich took no part in transporting Leath to her parents' residence, nor did he play any role in the decision to leave Leath in her parents' yard.

The Court's previous analysis of Leath's claims against Officer Smith applies with equal force to Officer Artymovich.  Without repeating the analysis in great detail, Leath's deliberate indifference claim fails because she was never placed in custody—and certainly never placed in custody by Officer Artymovich—nor was it apparent to Officer Artymovich that Leath was intoxicated to the point that she required medical attention.  Additionally, Officer Artymovich did nothing to increase the risk that Leath would be killed in a single-vehicle traffic accident and is, therefore, not liable under an exception to *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989).  Accordingly, because Officer Artymovich did not violate Leath's constitutional rights, he is entitled to judgment as a matter of law.

Leath has also asserted a municipal liability claim against the City of Knoxville.  "For municipal liability to exist . . . a constitutional violation must take place."  *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 679 (6th Cir. 2005).  Because the Court has concluded that the individual Defendants did not violate Leath's constitutional rights, Leath's municipal

2

liability claim must also fail. *See id.*; *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983.").

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)    Defendant Officer Jason Artymovich is hereby **granted summary judgment** on Plaintiff's claims against him;

(2)    Defendant City of Knoxville is hereby **granted summary judgment** on Plaintiff's claim against it; and

(3)    Judgment shall be entered by separate order.

This 8th day of November, 2013.

Signed By:

*David L. Bunning*    DB

United States District Judge

G:\DATA\ORDERS\Knoxville\11-382 Order granting summary judgment to remaining defendants.wpd

3